Daniel R. Raynak (010098)
**DANIEL R. RAYNAK, P.C.**
2601 N. 16th Street
Phoenix, Arizona  85006
Tel: 602/992-7776
Fax: 602/992-7646
dan@raynaklaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

Suvarna Ratnam, an individual,

     Plaintiff,

v.

Paul Penzone, **individually**, and in his capacity as Sherriff of Maricopa County, and Jane Doe Penzone, his spouse; Jeri Williams, **individually**, and in her capacity as Chief of Police with the City of Phoenix Police Department and John Doe Williams, her spouse; April Sponsel **individually**, and in her capacity as Deputy County Attorney, and John Doe Sponsel, her spouse,; Nick Michaud, **individually**, and in his capacity as Deputy County Attorney and Jane Doe, his spouse, Sergeant Doug McBride, **individually**, and in his capacity as a Phoenix Police Officer, and Jane Doe McBride, his spouse, Jefferey Raymond, **individually**, and in his capacity as a Phoenix Police Officer and Jane

Case No.:

**COMPLAINT**

1

Doe Raymond, his spouse; Sergeant James Groat, **individually**, and in his capacity as a Phoenix Police Officer and Jane Doe Groat, his spouse; Lieutenant Ben Moore, **individually**, and in his capacity as a Phoenix Police Officer and Jane Doe Moore, his spouse; Officer Blake Forbes Merl, **individually**, and in his capacity as a Phoenix Police Officer and Jane Doe Merl, his spouse; Officer Eric Munzinger, **individually**, and in his own capacity as a Phoenix Police Officer and Jane Doe Munzinger, his spouse; Maricopa County, a municipality and political subdivision of the State of Arizona; City of Phoenix, a municipality and political subdivision of the State of Arizona; Correctional Health Services, an Arizona corporation, John Does I-XXX, individually, Jane Does I-XXX, individually, ABC Corporations I-X, and XYZ Partnerships I-X,

**Defendants.**

For her complaint against Defendants, Plaintiff Suvarna Ratnam alleges as follows:

## **PARTIES**

2

1.     Plaintiff Suvarna Ratnam is an individual who resided in the County of Maricopa, State of Arizona at the time of the events set forth in this Complaint.

2.     Defendant Maricopa County is a political subdivision of the State of Arizona, and a person within the meaning of 42 U.S.C. 1983 and, at all times relevant to this matter acted by and through its various agencies, including but not limited to the Maricopa County Attorney's Office (hereinafter "MCAO"), purporting to act within the full scope of its authority.

3.     In this matter, Defendant Maricopa County also acted by and through Correctional Health Services (hereinafter "CHS") which is an agency of the County, and all actions of the CHS are the legal responsibility of the County because the County has delegated its medical, dental and mental health services and responsibilities to CHS, including but not limited to the responsibility for establishing and implementing policies, practices, procedures, and/or customs used by officers and staff employed by the County regarding the treatment of individuals housed at the various county jail facilities as they proceed through the judicial process.

4.      Defendant City of Phoenix is a political subdivision of the State of Arizona, and a person within the meaning of 42 U.S.C. 1983, and, at all times relevant to this matter acted by and through its various agencies, including but not limited to the Phoenix Police Department (hereinafter "PPD"), purporting to act within the full scope of its authority. As an agency of the Defendant City, all of the actions of the PPD are the legal responsibility of the Defendant City because the Defendant City has delegated its law enforcement duties and responsibilities to PPD, including the responsibility of establishing and implementing various policies, practices and procedures used by police officers employed by the Defendant City regarding investigation, detention and arrest during law enforcement activities.

5.      Upon information and belief, Defendant Paul Penzone is a married individual who resides in the County of Maricopa, State of Arizona. At all times relevant to this matter, Defendant Paul Penzone was the duly elected sheriff of Maricopa County purporting to act within the full scope and authority of his office. He was and is the official policymaker for the Maricopa County Sheriff's Office. He is named herein in his official and individual capacity as Sheriff of Maricopa County. His spouse is identified as Defendant Jane Doe Penzone.

6.     Upon information and belief, Defendant Jeri Williams is a married individual who resides in the County of Maricopa, State of Arizona. At all times relevant to this matter, Defendant Jeri Williams was the duly appointed Chief of Police for the PPD, purporting to act within the full scope and authority of her office.  She was and is the official policymaker for the PPD. She is named herein in her official and individual capacity as the Chief of Police for the PPD. Her spouse is identified as Defendant John Doe Williams.

7.     Upon information and belief, Defendant April Sponsel is a married individual who resides in the County of Maricopa, State of Arizona. At all times relevant to this matter, Defendant April Sponsel was employed by the MCAO as a deputy county attorney, purporting to act within the full scope and authority of her office. She is named herein in her official and individual capacities. Her spouse is identified as Defendant John Doe Sponsel.

8.     Upon information and belief, Defendant Nick Michaud is a married individual who resides in the County of Maricopa, State of Arizona. At all times relevant to this matter, Defendant Nick Michaud was employed by the MCAO as a deputy county attorney, purporting to act within the full scope and authority of his office. He is named herein

in his official and individual capacities. His spouse is identified as Defendant Jane Doe Michaud.

9.     Upon information and belief, Defendant Doug McBride is a married individual who resides in the County of Maricopa, State of Arizona. At all times relevant to this matter, Defendant Doug McBride was employed by the Phoenix Police Department (hereinafter "PPD") as a Sergeant, purporting to act within the full scope and authority of his office. He is named herein in his official and individual capacities. His spouse is identified as Defendant Jane Doe McBride.

10.     Upon information and belief, Defendant Jeffrey Raymond is a married individual who resides in the County of Maricopa, State of Arizona. At all times relevant to this matter, Defendant Jeffrey Raymond was employed by the PPD as a police officer, purporting to act within the full scope and authority of his office. He is named herein in his official and individual capacities. His spouse is identified as Defendant Jane Doe Raymond.

11.     Upon information and belief, Defendant James Groat is a married individual who resides in the County of Maricopa, State of Arizona. At all times relevant to this matter, Defendant James Groat was employed by the PPD as a Sergeant, purporting to act within the full

scope and authority of his office. He is named herein in his official and individual capacities. His spouse is identified as Defendant Jane Doe Groat.

12.    Upon information and belief, Defendant Ben Moore is a married individual who resides in the County of Maricopa, State of Arizona. At all times relevant to this matter, Defendant Ben Moore was employed by the PPD as a Lieutenant, purporting to act within the full scope and authority of his office. He is named herein in his official and individual capacities. His spouse is identified as Defendant Jane Doe Moore.

13.    Upon information and belief, Defendant Blake Forbes Merl is a married individual who resides in the County of Maricopa, State of Arizona. At all times relevant to this matter, Defendant Blake Forbes Merl was employed by the PPD as a police officer, purporting to act within the full scope and authority of his office. He is named herein in his official and individual capacities. His spouse is identified as Defendant Jane Doe Merl.

14.    Upon information and belief, Defendant Eric Munzinger is a married individual who resides in the County of Maricopa, State of Arizona. At all times relevant to this matter, Defendant Eric Munzinger

1   was employed by the PPD as a police officer, purporting to act within

2   the full scope and authority of his office. He is named herein in his

3   official and individual capacities. His spouse is identified as Defendant

4   Jane Doe Munzinger.

5       15.    On information and belief, Defendants John Doe I-XV are

6   residents of Maricopa County, unknown in name, number and gender,

7   who, at all times relevant to this matter were employed by Defendant

8   Maricopa County and were directly involved in some of all of the

9   unlawful conduct described hereinafter. On information and belief, each

10   of those individuals caused or contributed to the injuries and damages

11   suffered by the Plaintiff.  The identities of these individuals are in the

12   sole custody and possession of Defendant Maricopa County but will be

13   added by way of amendment to this Complaint after discovery has

14   disclosed those identities.  Those John Does are sued in their official

15   and individual capacities.

16       16.    On information and belief, Defendants John Doe XV-XXX

17   are residents of Maricopa County, unknown in name, number and

18   gender, who, at all times relevant to this matter were employed by

19   Defendant City of Phoenix and were directly involved in some or all of

20   the unlawful conduct described hereinafter. On information and belief,

each of those individuals caused or contributed to the injuries and damages suffered by the Plaintiff.  The identities of these individuals are in the sole custody and possession of Defendant City of Phoenix but will be added by way of amendment to this Complaint after discovery has disclosed those identities.  Those John Does are sued in their official and individual capacities.

17.   On information and belief, all defendants are residents of Maricopa County.

18.   All of the actions, omissions, or other conduct of the individual Defendants as described in this Complaint, were purportedly undertaken within the scope and course of Defendants' employment and authority, and under color of federal and state law, more specifically, 42 U.S. Code 1983 and A.R.S. 13-1303.  For purposes of the within Section 1983 claim, these Defendants were state actors related to their acts and omissions as alleged herein.

19.   For all state law claims asserted in this matter, Defendants City of Phoenix and Maricopa County are liable for the acts and omissions of their employees within the scope of their employment, including officers and other employees of the PPD, employees of the

1  Maricopa County Sheriff's Office, employees of the MCAO and
2  employees of CHS, under the doctrine of respondeat superior.

3

4  ## JURISDICTION AND VENUE

5  20.    The amount in controversy exceeds the jurisdictional
6  threshold of the Court.

7  21.    A timely notice of claim pursuant to A.R.S. § 12-821.01 was
8  served upon all Defendants. More than sixty (60) days have passed since
9  this Notice of Claim was served upon the Defendants.  There have been
10  two supplements to the original notice of claim, adding additional facts
11  and additional defendants, who will be listed in an amended complaint
12  to be filed after the 60 days have passed since those individuals have
13  been served with the aforementioned supplemental notices.

14  22.    The events giving rise to this action occurred in Maricopa
15  County, and all parties reside in Maricopa County; thus, venue is proper
16  in the United States District Court for the District of Arizona.

17  ## FACTUAL BACKGROUND
18  *Introduction*

19  23.    On the evening of October 17, 2020, the Plaintiff, along with
20  approximately seventeen other individuals (hereinafter collectively

referred to as "protestors"), gathered at University Park in downtown Phoenix, to assemble and to engage in a protected First Amendment activity; to wit, protesting against or in relation for various governmental action more fully described hereinafter.  At that time and place, a number of causes were being protested, including, but not limited to issues associated with the Black Lives Matter movement, MCAO's decision declining to file charges against a police officer who had recently killed an unarmed black man, along with protests arising from general discord with what was perceived as excessive and unwarranted use of force by police departments throughout the country, including the Phoenix Police Department.

***Conspiracy to Retaliate Against Plaintiff for Prior Protest Activity***

24.   On August 23, 2020, the Plaintiff was among a group of protestors who gathered in Phoenix, Arizona to protest issues related to police misconduct, particularly against black people.  The targets of those protests were similar to the those of the protests described above on October 17, 2020.

25.   On information and belief, Plaintiff alleges that the decision to arrest her on October 17, 2020, grew out of a conspiracy among and between the individual Defendants herein to retaliate against the

Plaintiff for her participation in the aforementioned protest on August 23, 2020.

26.    After the August 23, 2020, protests, during at least one meeting regarding the potential charging of the Protestors with gang-related charges, Defendant Sponsel provided legal advice to law enforcement on investigative matters, including but not limited to advice on how to fill out police reports with false claims of fact in order to maximize the potential for successfully prosecuting the Protestors.

27.    The PPD was aware of the scheduled October 17, 2020, protest, and prepared portions of arrest reports naming various protestors, including but not limited to the Plaintiff, prior to the aforementioned protests even taking place, and/or alternatively, prior to the arrest of the aforementioned protestors, with the intent to arrest these individuals for various crimes that had not yet been committed.  These acts were done with the full knowledge and approval of, and in coordination with MCAO, and Defendants Sponsel and Michaud, who directly participated in this investigative function.

28.    The actions of MCAO and PPD, acting through the named Defendants, were taken for the purpose of preventing the Protestors from engaging in protected First Amendment speech and conduct

protesting needless police violence against innocent citizens, particularly black citizens.

### The October 17, 2020, Arrest of the Plaintiff

29.     Within approximately one hour after the start of the October 17, 2020, protest, the PPD, by and through Defendants Moore and Groat, unlawfully and illegally arrested several the Protestors, as well as at least one bystander, Mr. Ryder Collins, who was not involved in any fashion with this protest.

30.     On information and belief, the decision to arrest the Protestors was made prior to the protest even starting.    Defendant Moore, in coordination with Defendant Sponsel, was the officer who determined that the Protestors should be arrested.    Defendant Groat was the officer who specifically directed that the aforementioned bystander, Mr. Collins, should be arrested, even though he was not involved in any way with the aforementioned protests.

31.     At or about the same time, Defendants Moore, Merl and Munzinger unlawfully and illegally arrested the Plaintiff.

32.     At that time and place, Plaintiff, along with the other Protestors were handcuffed and taken into custody.

13

33.   The arrest of the Protestors, and each of them, including the Plaintiff, was made without probable cause or legal justification.

34.   Shortly after being arrested, based upon the false claims made by one or more of the Defendant Phoenix police officers, coupled with the unlawful and improper actions of Defendants Sponsel and Michaud as described more fully herein, Plaintiff was housed in the Maricopa County Jail for approximately seventeen days, until her release from custody on or about November 3, 2020.

35.   All charges were thereafter dismissed against all of the Protestors, including Plaintiff Ratnam.

36.   As a direct and proximate result of the aforementioned actions by the aforementioned Defendants, the Protestors, including the Plaintiff were injured and damaged by being arrested and prosecuted without probable cause.

**The Decision to Bring False Gang-Related Charges Against Plaintiff**

*37.*   The Protestors were initially charged in criminal complaints with various counts of engaging in a conspiracy to commit aggravated assault on an officer, hindering prosecution in the first degree, riot, and other related offenses. Ten days later, on or about October 27, 2020, Defendants Sponsel and Michaud presented false testimony and

14

information to the Grand Jury related to the events of October 17, 2020. The false testimony presented at that time was given by Defendants McBride and Raymond. This testimony, coupled with untrue statements and argument made to the Grand Jury by Defendant Sponsel, resulted in the Grand Jury returning indictments that charged fifteen of the protestors, including the Plaintiff, in relevant part, with assisting a criminal street gang. Three other protestors were separately charged as minors.

38.   The apparent rationale for the criminal street gang charges was that the protestors, who were chanting "All Cops Are Bastards", among other chants, were allegedly part of a group called "ACAB," and that ACAB constituted a criminal street gang because, police claimed, it was organized with the intent to create violence against the police.

39.   The prosecutors in charge of the case were Defendants Sponsel and Michaud.  These prosecutors had developed a charging scheme for similar past protests that began with charging those protestors with misdemeanors, then modifying the charges to include felonies related to criminal street gangs.

40.   During the presentation to the Grand Jury, Defendant Sponsel made numerous false claims about the evidence available to

15

support the charges against the Protestors, including the Plaintiff.  These

false statements included, without limitation, the following substantially

untrue claims:

A.  That Defendant McBride was a "gang expert" called to testify about gang history (even though he had not worked in that capacity for approximately 5 years), as opposed to a fact witness who directly participated in the unlawful arrest of the Protestors;

B.  That the Protestors, including the Plaintiff, were members of a criminal street gang whose intention was to engage in a riot at the October 17, 2020, protest;

C.  That the Protestors, as members of a violent street gang, set out, on a regular basis, to commit violent acts against police officers and to otherwise disrupt police activities;

D.  That the Protestors would sharpen their fingernails and modify umbrellas to use as weapons against the police, including during the protest of October 17, 2020; and

E.  That the Plaintiff had a gun in her possession at the time of her arrest.

41.  The aforementioned false claims were fabricated by Defendants Sponsel, McBride and Raymond, as well as other individual Defendants, acting in conspiracy for the purpose of obtaining an illegal and improper indictment from the Grand Jury.

42.     On information and belief, Plaintiff asserts that the fabrication of evidence described above was done with the knowledge and acquiescence of senior officials of MCAO and PPD, which individuals took no action to stop the unlawful and improper prosecution of the Protestors, including the Plaintiff.

43.     As a result of the unlawful prosecution of the Protestors as aforementioned, Judge Touhill-Ryan, the sitting judge from the Superior Court of Maricopa County who was assigned to the aforementioned criminal prosecutions of the Protestors, found that Defendant Sponsel elicited testimony and/or provided statements to the grand jury that were "egregious" and which contained "false information". (*See,* Minute Entry regarding Motion to Remand dated June 3, 2020, attached hereto as Exhibit 1.)

44.     Judge Touhill-Ryan characterized the testimony of Defendant McBride as "egregious," and found that Defendant McBride and Defendant Sponsel, the lead prosecutor in the case against the Protestors, "colluded in their efforts to present the grand jury with false information regarding a non-existent gang and a historical pattern of misconduct or threats from co-defendants towards the police."

17

45.    The Court went on to characterize as "ridiculous" the State's argument that the Protestors' use of black clothing and purported self-proclamation established a gang affiliation as between the Protestors or otherwise.

46.    The Court described the State's allegations of prior acts of violence by ACAB, and the lack of any evidence to support those allegations, as "absurd territory," and found that the State made material misrepresentations to the Grand Jury, misdirected the Grand Jury, and acted in bad faith in presenting its evidence.

47.    During testimony to the Grand Jury on or about October 27, 2020, Defendant McBride gave false and/or misleading testimony, including, but not limited to testimony that the Protestors were comparable to the Crips, Bloods and the Hell's Angels street gangs, while Defendant Raymond claimed that the Plaintiff was armed with a gun.

48.    Defendant McBride testified to some of the same false claims at the Plaintiff's bond hearing on or about October 30, 2020.

49.    Judge Tourhill-Ryan found that the State, through *inter alia* the aforementioned testimony of Defendant McBride, had made

material misrepresentations to the Grand Jury, misdirected the Grand Jury, and acted in bad faith in presenting its evidence.

50.    According to Judge Touhill-Ryan, the decision to charge these Protestors, including the Plaintiff, with criminal street gang related charges was based on police reports that were inconsistent and deliberately inaccurate, false and/or misleading Grand Jury testimony, and deeply flawed, unconstitutional legal conclusions.

51.    The case was thereinafter referred to the Arizona Attorney General's Office for an independent investigation regarding the actions of those listed above.

52.    Another independent investigation of the events related to the October 17, 2020, arrest of the Protestors was initiated by the City of Phoenix utilizing the law firm Ballard Spahr to undertake that inquiry. Ballard Spahr determined that the decision to charge the Protestors under the criminal gang statute was a collaborative effort among PPD and MCAO, along with other law enforcement agencies, but not the PPD's Gang Enforcement Unit (GEU). (See Exhibit Two, attached hereto)

53.    The basis relied upon by Defendant McBride for alleging to the Grand Jury that the Protestors' activities supported gang related

charges against the Protestors, including the Plaintiff, included false claims about an alleged weapon in the possession of the Plaintiff (on the prior arrest on August 23, 2020, a sharpened metal tip to an umbrella), the claims of a highly unreliable witness, as well as the fact that Phoenix police had made an arrest of other protestors earlier in 2020 which was as equally false, unlawful and improper as the arrest of the Plaintiff and other Protestors described hereinbefore above.

54.     With respect to the false claim that the Plaintiff was armed with a weapon, Defendant McBride falsely claimed the Plaintiff of using an umbrella, the tip of which was allegedly metal, and allegedly sharpened into a point, thereby making it a weapon, to stab Phoenix Police Sergeant George Herr during the earlier protest on August 23, 2020.  In reality, the aforementioned umbrella tip was not metal, had not been sharpened, and had not been utilized in any fashion as a weapon against the police Sergeant or otherwise.   Sgt. Herr, among others, originally made the claim, which was then picked up and reiterated by Defendant McBride.

55.     This false narrative led to the false claim, adopted by all of the individual PPD and MCAO Defendants, that the Protestors were

20

part of a gang that had committed acts of violence against police personnel.

56.   In fact, information gathered by the PPD prior to the protests not only indicated that the protest was not being organized by the purported group ACAB, but furthermore, that the protest was not expected to be violent.  PPD, at the supervisory level, including but not limited to Defendants Moore, McBride and Groat, were aware, both prior to and after the aforementioned protests, that gang allegations related to the Protestors lacked merit.

57.   Defendant McBride, acting in conspiracy with one or more of the individual Defendants, and without evidence, and without proper authority, falsely, unlawfully and improperly attempted to entered data into a gang related database named "GangNet," which data alleged that the Protestors, including the Plaintiff, were members of an extremist gang that had violent tendencies, particularly against police officers.

58.   GangNet was maintained by the Arizona Department of Public Safety (DPS) and was available for use by law enforcement personnel.   Only DPS was authorized to enter information into GangNet.

59.     During the investigation by Ballard Spahr, as described above, neither the PPD, nor MCAO, gave full and proper cooperation in that investigation, and took steps to thwart that investigation, including failing to provide requested information to investigators in a timely fashion, or not at all, causing the loss and/or destruction of evidence critical to the investigation.

60.     The failure of these agencies, aided by the individual Defendants, and each of them, to cooperate in the aforementioned investigation, was part of a conspiracy to violate the civil rights of the Protestors, including the Plaintiff.

61.     Moreover, other than two police reports submitted by Defendant McBride after the grand jury hearing, none of the numerous supplemental reports filed by other police officers related to the aforementioned protest alleged that the Protestors were members of a criminal street gang.

62.     The numerous filed PPD reports consistently failed to check off any of the appropriate pre-printed boxes and/or fill in pre-printed areas in the police reports that relate to gang activity or gang affiliation.

63.     Throughout the course of the investigation and charging process related to the aforementioned protest of October 17, 2020,

Defendant McBride, along with others of the named Defendants, acting in conspiracy with each other, repeatedly failed to conform to the proper policies and procedures of the PPD, including, but not limited to the failure to properly act under and report to his immediate supervisors with respect to his activities, thereby leaving those in a supervisory role over him without necessary information regarding the arrest of the Protestors, including the Plaintiff.

64.     Based on the foregoing, on or about October 23, 2020, a meeting held between various individuals, including but not limited to Defendants McBride, Sponsel and Michaud to discuss whether to charge the Protestors under the aforementioned gang statute. Purportedly, per the referenced Ballard Spahr report, there was no vocalized opposition to proceeding forward to allege that the Protestors, including the Plaintiff, were part of a gang.

65.     On or about October 27, 2020, Defendant Raymond testified at the Grand Jury proceedings related to the October 17, 2020, protest. Defendant Raymond falsely testified that Plaintiff had a gun in her possession at the time of the arrest, which testimony was materially false.  The Plaintiff had no weapon on her person at the time of her arrest.  (See Exhibit Three, Grand Jury Transcript, attached hereto).

66.     Moreover, Defendant Raymond conspired with Defendant Sponsel to prepare false and misleading police reports containing materially false statements related to the Protestors, including the Plaintiff.

67.     During his aforementioned Grand Jury testimony, Defendant McBride made various false and misleading claims regarding the conduct of the Protestors at the aforementioned protest, including, but not limited to the claim that he was injured by one or more Protestors using sharpened fingernails, which testimony was materially false.

68.     The gang charges leveled against the Protestors, including the Plaintiff, were brought without following the normal, proper, approved policies and procedures of the PPD. Those leading the investigation into the Protestors, including, but not limited to Defendants McBride and Raymond, deliberately avoided the involvement of police officers who specialized in gang related investigations and prosecutions, choosing instead to rely on their own limited prior experience conducting gang investigations. These actions were undertaken by the Defendants named above for the purpose of eliminating from the investigation those trained police officers deemed

likely to object to charging the Protestors as members of a criminal street gang.

69.   On information and belief, one or more police officials with specialized gang related training and experience, holding a supervisory position over officers specially trained in gang related investigations and prosecutions, expressed disagreement with the decision by various of the Defendants, including, but not limited to Defendant McBride, to charge the Protestors with gang related charges.

70.   No credible evidence existed to support the assertion that the Protestors, including the Plaintiff, were members of a criminal street gang.

71.   No credible evidence existed to support the assertion that the Protestors, including the Plaintiff, acting through a phantom organization ACAB, organized the protest of October 17, 21020.

72.   No credible evidence existed to support the assertion that the Protestors, including the Plaintiff, were part of an organization that was prone to violence, or actually members of any organization.

73.   Defendant Sponsel involved herself in the investigative actions of the police officers by advising officers the night of the arrest on methods by which to arrest the Protestors, as well as how to prepare

police reports, including "Form IV or 4" reports by preparing those reports, including false factual claims to support probable cause to arrest, before the protest even took place.

74.   Moreover, Defendant Sponsel stepped out of her assigned role as a prosecutor, in order to manipulate the Form IV or 4 attestations of probable cause by the police officers involved in the arrests, including that of the Plaintiff.

75.   In taking the aforementioned actions, and by involving herself directly in the investigative functions related to the subject arrests, Defendant Sponsel became ineligible to claim prosecutorial immunity.

76.   Defendant Michaud aided and assisted Defendant Sponsel in the aforementioned investigative activities, thereby losing his claim to prosecutorial immunity.

77.   During her presentation to the aforementioned Grand Jury, Defendant Sponsel questioned Defendant Raymond and asked if anyone had a gun on them and he answered in the affirmative, naming the Plaintiff.  Sponsel further claimed that the officers were assaulted by protestors who dug their nails into the hands and arms of the police. All of these claims were, and are, materially false.

78.   Previous claims by the police were that Plaintiff Ratnam, during the August 23, 2020, arrest, attacked a police officer with a sharpened metal edge of an umbrella. Video footage made available through public sources plainly demonstrates that Plaintiff at no time used the umbrella as a weapon against anyone during the August 23, 2020, protest.  This false claim of a prior violent act was used as the impetus to try and make a claim that the phantom organization ACAB was a gang.

79.   Another claim was that the Plaintiff, during the August 23, 2020, arrest, threw a bottle of liquid, a Molotov cocktail, at a police car. There was no such bottle containing a liquid ever logged into evidence, and in fact no bottle containing any explosive material existed.

80.   Soon after the aforementioned video footage became public regarding the purported attack by the Plaintiff against Sgt. Herr, MCAO conceded both that the umbrella tip was not "sharpened" and the alleged bomb making materials were discarded by Phoenix police officers, and, as a result, never tested.

81.   On or about October 27, 2020, the Grand Jury handed down an indictment obtained by Defendants Sponsel and Michaud, charging Plaintiff with various charges, including a gang related charge, as a

result of Plaintiff's lawful and proper participation in the protest of October 17, 2020, described more fully hereinbefore above.  Each of the charges brought against the Plaintiff was improper and unlawful, as no probable cause existed for the arrest of the Plaintiff on any charges based upon her conduct at the aforementioned protest, and because the aforementioned Grand Jury indictments were based upon false and misleading testimony by the aforementioned Defendants, as well as on the false and misleading arguments and statements made by Defendant Sponsel to the Grand Jury.

### *Monell Liability*

82.    Beginning in or before 2009, and continuing to the present day, Defendant Maricopa County, acting by and through the MCAO, with the assistance of law enforcement agencies including but not limited to PPD, has exhibited a history of and participation in multiple illegal arrests and prosecutions of citizens engaged in lawful protests in Maricopa County.  This history includes arrests and prosecutions of protestors, especially black and other people of color protestors who were innocent of any wrongdoing or illegal conduct, and whose espoused views and ideas contravene the desires of law enforcement.

28

83.    Throughout the history of the aforementioned illegal arrests and prosecutions, officials of Defendant Maricopa County have failed to properly train discipline and supervise its personnel for the purpose of preventing and or eliminating the aforementioned illegal and improper arrests and prosecutions, thereby creating an atmosphere of lawlessness within the Defendant County, among its employees, including but not limited to MCAO personnel, wherein county personnel, including MCAO employees felt empowered to engage in illegal and improper activities of the type described herein for the purpose of effecting illegal and improper arrests and prosecutions of innocent citizens, including the Plaintiff.

84.    Beginning in or before 2014, and continuing to the present day, Defendant City of Phoenix, acting by and through the PPD, has exhibited and participated in a history of multiple illegal arrests and prosecutions of citizens engaged in lawful protests in and around Defendant City of Phoenix.   This history includes arrests and prosecutions of protestors who were innocent of any wrongdoing or illegal conduct, whose espoused views and ideas contravene the desires of law enforcement.

85.   The aforementioned history also includes the fact that city officials were and are aware that multiple police personnel employed by PPD hold and espouse racist views, particularly related to black citizens and other people of color, and that such racist viewpoints have resulted in multiple arrests by PPD officers of innocent citizens for reasons related solely to those officers' racist views.

86.   On information and belief, the individual Defendant police officers held and hold racist views of the type described above, which views were a motivating factor and/or the sole factor in making the decision to arrest the Protestors in this matter, including the Plaintiff.

87.   On information and belief, Defendants Sponsel and Michaud knew or should have known about these racist views, which views were a motivating factor in making the decision to prosecute the Protestors in this matter, including the Plaintiff.  It is not yet known if either Sponsel or Michaud themselves espoused such racist views.

88.   On information and belief, Plaintiff asserts that the Defendant police officers and the individual County Defendants, including Defendants Sponsel and Michaud, acted in conspiracy to arrest and prosecute the Protestors, including the Plaintiff, based upon the aforementioned racist viewpoints.

89.    Throughout the history of the aforementioned illegal arrests and prosecutions, officials of Defendant City of Phoenix have failed to properly train and supervise its personnel for the purpose of preventing and or eliminating the aforementioned illegal and improper arrests and prosecutions, thereby creating an atmosphere of lawlessness within the Defendant City, among its employees, including but not limited to PPD personnel, wherein city personnel, including PPD employees felt empowered to engage in illegal and improper activities of the type described herein for the purpose of effecting illegal and improper arrests and prosecutions of innocent citizens, including the Plaintiff.

90.    The history of and participation in the illegal arrests and prosecutions described above are part of a conspiracy entered into between the individual Defendants named herein to violate the rights of protestors, particularly black and other people of color protestors who speak out against white supremacy and racism within law enforcement, and who speak out on related issues in the black or people of color community.

91.    The individual Defendants herein took substantial steps in furtherance of the aforementioned conspiracy, including, but not limited to:

31

A. Preparing police reports which accused the Protestors, including the Plaintiff, of illegal acts during protests that have not yet occurred;

B. Arresting Protestors, including the Plaintiff, without probable cause;

C. Arresting Protestors, including the Plaintiff, who have committed no crime;

D. Preparing police reports which contain false claims against the Protestors, used to justify the illegal and improper arrest and prosecution of the Protestors, including the Plaintiff;

E. Giving false and misleading testimony against the Protestors, including the Plaintiff, in order to justify the illegal and improper arrest and prosecution of the Protestors, including the Plaintiff;

F. Holding various meetings between two or more of the individual Defendants for the purpose of developing a cohesive, illegal strategy to affect the illegal, improper arrests described herein;

92. The aforementioned conspiracy, as well as the acts in furtherance of that conspiracy, were and are known to certain John Doe Defendants, who are members of the senior leadership of Defendants Maricopa County and City of Phoenix. The failure of these Doe Defendants to take any action to prevent the illegal and improper conduct described above serves as ratification of those acts by those Defendants.

32

93.   The aforementioned illegal and improper acts by the Defendants named herein, including but not limited to the bringing of false gang related charges against the Protestors, including the Plaintiff, occurred because of a lack of training, discipline and supervision of MCAO and PPD personnel, including the individual Defendants named herein.

94.   The report commissioned by Defendant City of Phoenix concluded that there was a lack of both training and supervision, for both PPD and for MCAO relating to the proper elements necessary for bringing gang related charges of the type brought against the Protestors, including the Plaintiff.

95.   The aforementioned report went on to conclude that MCAO failed to provide proper legal advice and training to its attorneys with respect to the proper elements necessary for bringing of gang related charges of the type brought against the Protestors, including the Plaintiff.  The report also found that there was a lack of institutional training and no clear direction as to how these cases should be examined for prosecution.  Finally, the report found that there was an absence of gang charging protocols and standards within MCAO, inadequate measures designed to protect the First Amendment rights of

protestors, no appropriate oversight and review of coordination by MCAO attorneys relating to charging for protestors with gang related charges.

***The Plaintiff's Incarceration Resulted in Cruel, Unusual Punishment***

96.    During the booking process, Plaintiff experienced chest pains and difficulty breathing, as a result of the tear gas or other similar substances used on the Plaintiff by one or more of the Defendant police officers during the October 17, 2020, protest

97.    Despite the suffering from the above-described medical condition, Plaintiff was denied medical treatment by Defendants Merl and Munzinger during the booking process.

98.    Defendant Paul Penzone is, and at all times relevant hereto was the Sheriff of Maricopa County, and in that capacity is the county official responsible for the Maricopa County jail, including the policies and procedures utilized at that facility for housing and treating prisoners, including pretrial detainees like the Plaintiff

99.    In addition, Defendant Penzone is and at all times relevant to hereto was responsible for the conduct of jail personnel, including jail personnel employed by CHS to provide medical care to inmates housed in that facility.

100.  Defendant Penzone knew or should have known through the use of ordinary care, observation and supervision of the jail personnel, about various abuses suffered by prisoners housed in that facility, including, but not limited to the Plaintiff.

101. On information and belief, Plaintiff asserts that Defendant Penzone was aware of the improper conduct and abuse suffered by the Plaintiff while she was incarcerated in the Maricopa County jail, as more fully described hereinafter below, yet took no action to prevent or curtail such conduct and abuse against the Plaintiff.

102. Upon intake to the Maricopa County Jail, Plaintiff still received no medical assistance, either from CHS personnel or from anyone else, despite the fact that the effects of the tear gas or other substance used by one or more of the police defendants on the Plaintiff were plainly visible and should have caused CHS medical personnel to provide the Plaintiff with medical assistance.

103.  While incarcerated, Plaintiff's eye became red and swollen and her vision was obstructed by a contact lens which became lodged inside her eyelid. Despite her repeated requests for medical assistance, no CHS medical personnel or other jail personnel rendered medical assistance to the Plaintiff.  As a result, Plaintiff suffered from loss of

35

1   clear vision, pain and suffering throughout her period of incarceration.

2   104. Furthermore, Plaintiff was repeatedly, unlawfully and

3   improperly denied access to her routine medications, including

4   Sertraline, Klonopin, Restoril, and Vyvanse, all of which were

5   prescribed medication for Plaintiff's daily use.  Plaintiff thereafter

6   suffered severe withdrawal from these medications, causing her great

7   pain and suffering, as well as mental anguish.  Plaintiff remained at risk

8   for severe medical consequences throughout the period of her

9   incarceration.

10   105. Defendant John Doe One, is a female nurse employed by

11   CHS.  Defendant John Doe One advised the Plaintiff that she would get

12   proper medical treatment once she stopped the numerous petitions filed

13   by multiple citizens and activist groups which demanded Plaintiff's

14   release from custody. On information and belief, Defendant John Doe

15   One acted in conspiracy with other Doe Defendants, unknown in name,

16   number or gender to deprive the Plaintiff of her right to proper medical

17   care while being held in custody.  The identities of the Doe Defendants

18   described in this paragraph will become known through the discovery

19   process.

20

36

106.   During the period of her incarceration, Plaintiff was exposed to, and tested positive for tuberculosis.   Despite this positive test, Plaintiff was denied a chest x-ray, and was provided with no treatment for the disease during the period of her incarceration despite her numerous requests for proper medical care.

107.   Plaintiff remained incarcerated for approximately seventy-two hours without being given access to a shower and was denied access to various hygiene products during the entire period of her incarceration despite her numerous requests for shower access and hygiene products.

108.   During the entire period of her incarceration, Plaintiff was denied access to, and the ability to communicate with her attorney despite her numerous requests for such access.

109.   Plaintiff was also subject to harassing and demeaning taunts, as well as other inappropriate conduct by the detention officers employed by the Defendant County. this conduct continued throughout the period of Plaintiff's incarceration, despite repeated requests by the Plaintiff to jail officials for the conduct to cease.

COUNT I:

PLAINTIFF v. DEFENDANTS WILLIAMS, SPONSEL, MICHAUD, MCBRIDE, RAYMOND, GROAT, MOORE,

37

MERL, MUNZINGER, MARICOPA COUNTY AND CITY OF PHOENIX

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, §1983 AND THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

FREEDOM OF SPEECH, ASSOCIATION AND ASSEMBLY

110.  Plaintiff incorporates by reference Paragraphs 1 through 109 as though fully set forth at length herein.

111. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against the Defendants named herein, and each of them for violations of Plaintiff's constitutional rights under color of law.

112.  At all times relevant hereto, pursuant to the First Amendment to the United States Constitution, Plaintiff had the right to be free from prosecution for engaging in constitutionally protected activity, including but not limited to freedom of speech, freedom of association, freedom of assembly and freedom to petition the government for redress of grievances.

113. As described hereinbefore above, Plaintiff engaged in constitutionally protected activity when she engaged in peaceful and lawful protest in the City of Phoenix, Maricopa County, on or about October 17, 2020.

38

114. Plaintiff's right to be free from prosecution for engaging in protected activity was violated by the Defendants named herein, and each of them, when Defendants Merl and Munzinger, acting in conspiracy with all other Defendants named herein, unlawfully and improperly arrested the Plaintiff without probable cause on October 17, 2020.

115. The actions of the Defendants named herein, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendants named herein to punitive damages.

116. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by the Defendants named herein, and each of them, Plaintiff suffered the following injuries and damages:

    a.    Plaintiff's rights under the First Amendment to the United States Constitution were violated;

    b.    Plaintiff suffered physical pain and suffering;

    c.    Plaintiff suffered fright, horror and shock;

    d.    Plaintiff suffered severe emotional and psychological trauma;

    e.    Plaintiff suffered economic damages related to the temporary loss of her employment, medical and/or other consequential costs.

f.   Plaintiff suffered such other severe and serious injuries and damages as will be revealed through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants named herein, and each of them, in the amount proven at trial; compensatory special damages; punitive damages, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANTS WILLIAMS, SPONSEL, MICHAUD, MCBRIDE, RAYMOND, GROAT, MOORE, MERL, MUNZINGER, MARICOPA COUNTYAND CITY OF PHOENIX

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, §1983 AND THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

RETALIATION

117.  Plaintiff incorporates by reference Paragraphs 1 through 116 as though fully set forth at length herein.

118. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against the Defendants named herein, and each

of them for violations of Plaintiff's constitutional rights under color of law.

119.   At all times relevant hereto, pursuant to the First Amendment to the United States Constitution, Plaintiff had the right to be free from retaliation for engaging in constitutionally protected activity, including but not limited to freedom of speech, freedom of association, freedom of assembly and freedom to petition the government for redress of grievances.

120.  As described hereinbefore above, Plaintiff engaged in constitutionally protected activity when she engaged in peaceful and lawful protest in the City of Phoenix, Maricopa County, on or about August 23, 2020 and October 17, 2020.

121.  Plaintiff's right to be free from retaliation for engaging in protected activity was violated by the Defendants named herein, and each of them, when Defendants Merl and Munzinger, acting in conspiracy with all other Defendants named herein, unlawfully and improperly arrested the Plaintiff without probable cause on October 17, 2020.

122.  The actions of the Defendants named herein, and each of them, were willful, wanton and/or done with a reckless disregard for the

rights of Plaintiff, thereby subjecting Defendants named herein to punitive damages.

123. The actions of the Defendants named herein, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendants named herein to punitive damages.

124. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by the Defendants named herein, and each of them, Plaintiff suffered the following injuries and damages:

     a.    Plaintiff's rights under the First Amendment to the United States Constitution were violated;

     b.    Plaintiff suffered physical pain and suffering;

     c.    Plaintiff suffered fright, horror and shock;

     d.    Plaintiff suffered severe emotional and psychological trauma;

     e.    Plaintiff suffered economic damages related to the temporary loss of her employment, medical and/or other consequential costs.

     f.    Plaintiff suffered such other severe and serious injuries and damages as will be revealed through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants named herein, and each of them, in the amount

proven at trial; compensatory special damages; punitive damages, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANTS WILLIAMS, SPONSEL, MICHAUD, MCBRIDE, RAYMOND, GROAT, MOORE, MERL, MUNZINGER, MARICOPA COUNTY AND CITY OF PHOENIX

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,<br>SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

MALICIOUS PROSECUTION

125.  Plaintiff incorporates by reference Paragraphs 1 through 124 as though fully set forth at length herein.

126.  Defendants Merl, Moore and Munzinger intentionally seized and arrested Plaintiff without probable cause.  The Defendants named herein, and each of them, initiated the prosecution of the Plaintiff, and/or assisted in that prosecution through dismissal of the charges against Plaintiff.

43

127. The Defendants named herein, and each of them, knew, or should have known through the exercise of reasonable caution, that no reasonable basis existed for the aforementioned criminal charges to be brought against Plaintiff.

128. Charging Plaintiff and/or participating in the prosecution of the Plaintiff without probable cause constitutes malice on the part of the Defendants named herein, and each of them.

129. The Defendants named herein, and each of them, acted under the color of law and their actions constituted an arbitrary and unconscionable abuse of government authority.

130. The arrest, seizure and subsequent prosecution of Plaintiff constituted a malicious prosecution by the Defendants named herein, and each of them, in violation of Plaintiff's rights under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution.

131. The actions of the Defendants named herein, and each of them, constituted malicious prosecution in that:

    a.    the Defendants named herein, and each of them, initiated and/or participated in the initiation of criminal proceedings against Plaintiff;

    b.    the criminal proceedings ended in the Plaintiff's favor;

    c.    the investigation, arrest, seizure and prosecution of the Plaintiff were initiated without probable cause;

d. the Defendants named herein, and each of them, acted maliciously and/or for purposes other than bringing the Plaintiff to justice; and

e. Plaintiff suffered an unlawful seizure of her person in violation of Plaintiff's rights under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution.

132. The actions of the Defendants named herein, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendants named herein to punitive damages.

133. As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by the Defendants named herein, and each of them, Plaintiff suffered the following injuries and damages:

a. violation of her constitutional rights under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution;

b. physical pain and suffering;

c. fright, horror and shock;

d. emotional trauma and suffering; and

e. Plaintiff suffered economic damages related to the temporary loss of her employment, medical and/or other consequential costs; and

45

f.    Plaintiff suffered such other severe and serious injuries and damages as will be revealed through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants named herein, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages including, but not limited to, temporary loss of employment and medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the Defendants, and each of them; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFF v. DEFENDANTS WILLIAMS, SPONSEL, MICHAUD, MCBRIDE, RAYMOND, GROAT, MOORE, MERL, MUNZINGER, MARICOPA COUNTY AND CITY OF PHOENIX

VIOLATIONS OF PLAINTIFFS' CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C.A. § 1983 AND THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

FALSE ARREST

46

Plaintiff incorporates by reference Paragraphs 1 through 133 as though fully set forth at length herein.

134.  Pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution, Plaintiff had the right to be free from the unreasonable seizure of her person and arrest without probable cause.

135.  The unreasonable seizure of Plaintiff's person by Defendants Merl, Moore and Munzinger, acting in conspiracy with all Defendants named herein, and her subsequent false arrest constituted an unreasonable deprivation of the Plaintiff's liberty in violation of the Fourth Amendment to the Constitution of the United States, and at all times was done without probable cause to believe that Plaintiff had committed any act which would justify his arrest.

136. Defendants Merl, Moore and Munzinger, acting in conspiracy with all Defendants named herein, arrested the Plaintiff without the requisite probable cause to do so.

137. The conduct of Defendants Merl, Moore and Munzinger, acting in conspiracy with all Defendants named herein, deprived the Plaintiff of his right to be free from unreasonable and unlawful detention and arrest.

138.  Pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution, Defendants Merl, Moore and Munzinger had a duty and/or were required to avoid the use of unlawful detention and arrest against the Plaintiff, which duty was deliberately violated by Defendants Merl, Moore and Munzinger, acting in conspiracy with all Defendants named herein, who arrested the Plaintiff without probable cause.

139.  The actions of Defendants Merl, Moore and Munzinger, acting in conspiracy with all Defendants named herein, were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting all Defendants to punitive damages.

140.  As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by Defendants Merl, Moore and Munzinger, acting in conspiracy with all Defendants named herein, Plaintiff suffered the following injuries and damages:

     a.  violation of her constitutional rights under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution;

     b.  physical pain and suffering;

     c.  fright, horror and shock;

     d.  emotional trauma and suffering;

e. Plaintiff suffered economic damages related to the temporary loss of her employment, medical and/or other consequential costs; and

f. Plaintiff suffered such other severe and serious injuries and damages as will be revealed through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against all Defendants named herein in the amount proven at trial; compensatory special damages including, but not limited to, temporary loss of employment and medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the Defendants named herein, and each of them; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT V:

PLAINTIFF v. DEFENDANTS WILLIAMS, SPONSEL, MICHAUD, MCBRIDE, RAYMOND, GROAT, MOORE, MERL, MUNZINGER, MARICOPA COUNTYAND CITY OF PHOENIX

VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

FALSE IMPRISONMENT

49

Plaintiff incorporates by reference Paragraphs 1 through 140 as though fully set forth at length herein.

141.  The subsequent detainment of Plaintiff pursuant to her false arrest, as more fully described hereinbefore above, constituted false imprisonment of the Plaintiff and violated the Plaintiff's rights as guaranteed to her by the Fourth Amendment to the United States Constitution.

142.      The actions of the Defendants named herein, and each of them, in arresting and imprisoning the Plaintiff constituted an arbitrary and unconscionable abuse of government authority by the Defendants, and each of them.

143.  The conduct of the Defendants named herein, and each of them, deprived the Plaintiff of her right to be free from unreasonable and unlawful detention, as guaranteed under the Fourth Amendment to the Constitution of the United States.

144.  The actions of the Defendants named herein, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting Defendants named herein to punitive damages.

145.   As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by the Defendants named herein, and each of them, Plaintiff suffered the following injuries and damages:

a.   violation of her constitutional rights under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution;

b.   physical pain and suffering;

c.   fright, horror and shock;

d.   emotional trauma and suffering; and

e.   Plaintiff suffered economic damages related to the temporary loss of her employment, medical and/or other consequential    costs.

f.   Plaintiff suffered such other severe and serious injuries and damages as will be revealed through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants named herein, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages including, but not limited to, temporary loss of employment and medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT VI:

PLAINTIFF v. DEFENDANTS WILLIAMS, SPONSEL, MICHAUD, MCBRIDE, RAYMOND, GROAT, MOORE, MERL, MUNZINGER, MARICOPA COUNTYAND CITY OF PHOENIX

VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AND FIFTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

<u>FABRICATION OF EVIDENCE</u>

146.  Plaintiff incorporates by reference Paragraphs 1 through 145 as though fully set forth at length herein.

147. The false testimony given by Defendants McBride and Raymond, acting in conspiracy with all Defendants named herein, including but not limited to their testimony before the Grand Jury, as well the false and misleading statements made by Defendant Sponsel, acting in conspiracy with all Defendants named herein, as more fully described hereinbefore above, constituted fabrication of evidence against the Plaintiff and violated the Plaintiff's rights as guaranteed to her by the Fourth and Fifth Amendments to the United States Constitution.

148. The actions of the aforementioned Defendants, acting in conspiracy with all Defendants named herein, in fabricating evidence against the Plaintiff constituted an arbitrary and unconscionable abuse of government authority by the Defendants named herein, and each of them.

149. The conduct of the Defendants named herein, and each of them, deprived the Plaintiff of her right to be free from arrest and prosecution based on fabricated evidence, as guaranteed under the Fourth and Fifth Amendments to the Constitution of the United States.

150. The actions of the Defendants named herein, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting Defendants named herein to punitive damages.

151. As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by the Defendants named herein, and each of them, Plaintiff suffered the following injuries and damages:

     a.    violation of her constitutional rights under 42 U.S.C. §1983 and the Fourth and Fifth Amendments to the United States Constitution;

     b.    physical pain and suffering;

     c.    fright, horror and shock;

d.   emotional trauma and suffering; and

e.   Plaintiff suffered economic damages related to the temporary loss of her employment, medical and/or other consequential costs.

f.   Plaintiff suffered such other severe and serious injuries and damages as will be revealed through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants named herein, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages including, but not limited to, temporary loss of employment and medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants named herein; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT VII:

PLAINTIFF v. DEFENDANTS MERL, MUNZINGER, MOORE AND PENZONE, MARICOPA COUNTY AND CITY OF PHOENIX

VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE EIGHTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

CRUEL AND UNUSUAL PUNISHMENT

152. Plaintiff incorporates by reference Paragraphs 1 through 151 as though fully set forth at length herein.

153. The failure of the Defendants named herein in providing the Plaintiff with basic health care and other needs during the period of her incarceration, as more fully described hereinbefore above, constituted an arbitrary and unconscionable abuse of government authority by the Defendants named herein, and each of them.

154. The conduct of the Defendants named herein, and each of them, deprived the Plaintiff of her right to be free from cruel and unusual punishment, as guaranteed under the Eighth Amendment to the Constitution of the United States.

155. The actions of the Defendants named herein, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting Defendants named herein to punitive damages.

156. As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by the Defendants named herein, and each of them, Plaintiff suffered the following injuries and damages:

   a.   violation of her constitutional rights under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution;

55

1        b.    physical pain and suffering;

2        c.    fright, horror and shock;

3        d.    emotional trauma and suffering; and

4        e.    Plaintiff suffered economic damages related to the

5  temporary loss of her employment, medical and/or other consequential costs.

6        f.    Plaintiff suffered such other severe and serious injuries

7  and damages as will be revealed through the discovery process.

8      WHEREFORE, Plaintiff demands compensatory general damages

9  against Defendants named herein, and each of them, jointly and

10  severally, in the amount proven at trial; compensatory special damages

11  including, but not limited to, temporary loss of employment and

12  medical expenses; costs of suit; reasonable attorney's fees as permitted

13  by law; pre- and post-judgment interest as permitted by law; punitive

14  damages against Defendants named herein; and such other relief,

15  including injunctive and/or declaratory relief, as this Court may deem

16  proper.

17               JURY TRIAL DEMANDED

18

19

20

COUNT VIII:

PLAINTIFF v. DEFENDANTS WILLIAMS, SPONSEL, MICHAUD, MCBRIDE, RAYMOND, GROAT, MOORE, MERL, MUNZINGER, MARICOPA COUNTYAND CITY OF PHOENIX

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

EQUAL PROTECTION

157.  Plaintiff incorporates by reference Paragraphs 1 through 156 as though fully set forth at length herein.

158. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendants named herein, and each of them, for violations of Plaintiff's constitutional rights under color of law.

159.  At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution, Plaintiff had the right to equal protection of the law.

160.  Plaintiff's constitutionally protected right to equal protection of the law was violated when the Defendants named herein, and each of them participated in a conspiracy to arrest Plaintiff and charge Plaintiff with various crimes as more fully described hereinbefore above, using

57

untrue facts to arrest Plaintiff and unlawfully seize her person, and to prosecute the Plaintiff without probable cause for crimes that she did not commit.

161. The actions of the Defendants named herein, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendants named herein to punitive damages.

162. As a direct result of the acts mentioned hereinbefore above, perpetrated by the Defendants named herein, and each of them, Plaintiff suffered the following injuries and damages:

a. Plaintiff's rights under the Fourteenth Amendment to the United States Constitution were violated;

b. Plaintiff suffered physical pain and suffering;

c. Plaintiff suffered fright, horror and shock;

d. Plaintiff suffered severe emotional and psychological trauma;

e. Plaintiff suffered economic damages related to the temporary loss of her employment, medical and/or other consequential costs.

f. Plaintiff suffered such other severe and serious injuries and damages as will be revealed through the discovery process.

58

WHEREFORE, Plaintiff demands compensatory general damages against Defendants named herein, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages including, but not limited to, temporary loss of employment and medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants named herein; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.+

JURY TRIAL DEMANDED

COUNT IX:

PLAINTIFF v. DEFENDANTS WILLIAMS, SPONSEL, MICHAUD, MCBRIDE, RAYMOND, GROAT, MOORE, MERL, MUNZINGER, MARICOPA COUNTYAND CITY OF PHOENIX

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

EQUAL PROTECTION – RACE DISCRIMINATION

163.  Plaintiff incorporates by reference Paragraphs 1 through 162 as though fully set forth at length herein.

164. As described more fully hereinbefore above, Defendants when the Defendants named herein, and each of them participated in a conspiracy to arrest Plaintiff and charge Plaintiff with various crimes as

1  more fully described hereinbefore above, using untrue facts to arrest

2  Plaintiff and unlawfully seize her person, and to prosecute the Plaintiff

3  without probable cause for crimes that she did not commit, based upon

4  an arbitrary classification, to wit, Plaintiff's race, which is a

5  combination of Indian and African.

6      165. The actions of the Defendants named herein, and each of

7  them acting in conspiracy with each other, in arresting Plaintiff because

8  she is Indian and African were done intentionally and willfully.

9      166. The actions of Defendants named herein were willful,

10  wanton and/or done with a reckless disregard for the rights of the

11  Plaintiff, thereby subjecting Defendants named herein to punitive

12  damages.

13     167. As a direct and proximate result of the acts mentioned

14  hereinbefore above perpetrated by Defendants named herein, Plaintiff

15  suffered the following injuries and damages:

16          a.  Plaintiff's rights under the Fourteenth
               Amendment to the United States Constitution
17             were violated;

18          b.  Plaintiff suffered physical pain and suffering;

19          c.  Plaintiff suffered fright, horror and shock;

20          d.  Plaintiff suffered severe emotional and
               psychological trauma;

60

e.   Plaintiff suffered economic damages related to the temporary loss of her employment, medical and/or other consequential costs.

f.   Plaintiff suffered such other severe and serious injuries and damages as will be revealed through the discovery process.

WHEREFORE, the Plaintiff demands compensatory general damages against Defendants named herein, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, medical expenses, costs of suit, reasonable attorney's fees as permitted by law, pre- and post-judgment interest as permitted by law, punitive damages against Defendants named herein, and each of them; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT X:

PLAINTIFF v. DEFENDANTS WILLIAMS, SPONSEL, MICHAUD, MCBRIDE, RAYMOND, GROAT, MOORE, MERL, MUNZINGER, MARICOPA COUNTYAND CITY OF PHOENIX
VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

EQUAL PROTECTION – CLASS OF ONE

61

168.  Plaintiff incorporates by reference Paragraphs 1 through 167 as though fully set forth a length herein.

169.  Plaintiff was treated differently than other citizens engaging in peaceful and lawful protests in the City of Phoenix and in Maricopa County by Defendants named herein, acting in conspiracy with each other, in that Plaintiff was arrested for such protests while other citizens engaging in the same or substantially similar conduct were not.

170.  There is no rational basis for the difference in treatment between the Plaintiff and other similarly situated individuals engaging in peaceful, lawful protests.

171.  At all times relevant to this matter, Defendants named herein, acting in conspiracy with each other, were purporting to act within the full scope of their authority and office and under color of state law and pursuant to the statutes, ordinances, regulations and customs and usages of the City of Phoenix and Maricopa County.

172.  The actions of the Defendants named herein, acting in conspiracy with each other, were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting the Defendants named herein to punitive damages.

173.   As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by Defendants named herein, Plaintiff suffered the following injuries and damages:

    a.   Plaintiff's rights under the Fourteenth Amendment to the United States Constitution were violated;

    b.   Plaintiff suffered physical pain and suffering;

    c.   Plaintiff suffered fright, horror and shock;

    d.   Plaintiff suffered severe emotional and psychological trauma;

    e.   Plaintiff suffered economic damages related to the temporary loss of her employment, medical and/or other consequential costs.

    f.   Plaintiff suffered such other severe and serious injuries and damages as will be revealed through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants named herein, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants named herein; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT XI:

PLAINTIFF v. DEFENDANTS WILLIAMS, SPONSEL, MICHAUD, MCBRIDE, RAYMOND, GROAT, MOORE, MERL, MUNZINGER, MARICOPA COUNTYAND CITY OF PHOENIX

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983

CONSPIRACY

174.  Plaintiff incorporates by reference Paragraphs 1 through 173 as though fully set forth at length herein.

175.  The actions of Defendants named herein, as aforementioned, constituted conspiracy on the part of the Defendants named herein, and each of them, acting in conspiracy with each other to violate the Plaintiff's constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, thereby violating 42 U.S.C. §1983.

176.  Defendants named herein conspired to deprive Plaintiff of her right to free speech, and her right to be free from malicious prosecution, false arrest, false imprisonment, fabrication of evidence and her right to the equal protection of the law, in violation of Plaintiff's

constitutional rights as guaranteed under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

177. The actions of Defendants named herein were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting Defendants named herein to punitive damages.

178. As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by Defendants named herein, Plaintiff suffered the following injuries and damages:

    a.   Plaintiff's rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution were violated;

    b.   Plaintiff suffered physical pain and suffering;

    c.   Plaintiff suffered fright, horror and shock;

    d.   Plaintiff suffered severe emotional and psychological trauma;

    e.   Plaintiff suffered economic damages related to the temporary loss of her employment, medical and/or other consequential costs.

    f.   Plaintiff suffered such other severe and serious injuries and damages as will be revealed through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants named herein, and each of them, jointly and

severally, in the amount proven at trial; compensatory special damages including, but not limited to, temporary loss of employment and medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants named herein; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT XII:

PLAINTIFF v. DEFENDANTS PENZONE, JOHN DOE ONE AND MARICOPA COUNTY

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983

CONSPIRACY

179.  Plaintiff incorporates by reference Paragraphs 1 through 178 as though fully set forth at length herein.

180.  The actions of Defendants named herein, as aforementioned, constituted conspiracy on the part of the Defendants named herein, and each of them, acting in conspiracy with each other to violate the Plaintiff's constitutional rights under the Eighth Amendment to the United States Constitution, thereby violating 42 U.S.C. §1983.

181. Defendants named herein conspired to deprive Plaintiff of her right to be free from cruel and unusual punishment, in violation of Plaintiff's constitutional rights as guaranteed under the Eighth Amendment to the United States Constitution.

182. The actions of Defendants named herein were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting Defendants named herein to punitive damages.

183. As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by Defendants named herein, Plaintiff suffered the following injuries and damages:

    a.    Plaintiff's rights under the Eighth Amendment to the United States Constitution were violated;

    b.    Plaintiff suffered physical pain and suffering;

    c.    Plaintiff suffered fright, horror and shock;

    d.    Plaintiff suffered severe emotional and psychological trauma;

    e.    Plaintiff suffered economic damages related to the temporary loss of her employment, medical and/or other consequential costs.

    f.    Plaintiff suffered such other severe and serious injuries and damages as will be revealed through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants named herein, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages including, but not limited to, temporary loss of employment and medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants named herein; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT XIII:

PLAINTIFF v. DEFENDANTS WILLIAMS, SPONSEL, MICHAUD, MCBRIDE, RAYMOND, GROAT, MOORE, MERL, MUNZINGER, MARICOPA COUNTYAND CITY OF PHOENIX

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1985

CONSPIRACY

184.  Plaintiff incorporates by reference Paragraphs 1 through 183 as though fully set forth at length herein.

185.  The actions of Defendants named herein, as aforementioned, constituted conspiracy on the part of the Defendants named herein, and

each of them, acting in conspiracy with each other to violate the Plaintiff's constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, solely on account of her race, Indian and African, thereby violating 42 U.S.C. §1985.

186. Defendants named herein conspired to deprive Plaintiff of her right to free speech, and her right to be free from malicious prosecution, false arrest, false imprisonment, fabrication of evidence and her right to the equal protection of the law, in violation of Plaintiff's constitutional rights as guaranteed under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, solely on account of her race, African American.

187. The actions of Defendants named herein were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting Defendants named herein to punitive damages.

188. As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by Defendants named herein, Plaintiff suffered the following injuries and damages:

a. Plaintiff's rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution were violated;

b. Plaintiff suffered physical pain and suffering;

c. Plaintiff suffered fright, horror and shock;

d. Plaintiff suffered severe emotional and psychological trauma;

e. Plaintiff suffered economic damages related to the temporary loss of her employment, medical and/or other consequential costs.

f. Plaintiff suffered such other severe and serious injuries and damages as will be revealed through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants named herein, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages including, but not limited to, temporary loss of employment and medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants named herein; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT XIV:

PLAINTIFF v. DEFENDANTS PENZONE, JOHN AND JANE DOE ONE AND MARICOPA COUNTY

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1985

CONSPIRACY

189.  Plaintiff incorporates by reference Paragraphs 1 through 188 as though fully set forth at length herein.

190.  The actions of Defendants named herein, as aforementioned, constituted conspiracy on the part of the Defendants named herein, and each of them, acting in conspiracy with each other to violate the Plaintiff's constitutional rights under the Eighth Amendment to the United States Constitution, solely on account of her race, Indian and African, thereby violating 42 U.S.C. §1985.

191.  Defendants named herein conspired to deprive Plaintiff of her right to be free from cruel and unusual punishment, in violation of Plaintiff's constitutional rights as guaranteed under the Eighth Amendment to the United States Constitution, solely on account of her race, Indian and African.

71

192. The actions of Defendants named herein were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting Defendants named herein to punitive damages.

193. As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by Defendants named herein, Plaintiff suffered the following injuries and damages:

     a.    Plaintiff's rights under the Eighth Amendment to the United States Constitution were violated;

     b.    Plaintiff suffered physical pain and suffering;

     c.    Plaintiff suffered fright, horror and shock;

     d.    Plaintiff suffered severe emotional and psychological trauma;

     e.    Plaintiff suffered economic damages related to the temporary loss of her employment, medical and/or other consequential costs.

     f.    Plaintiff suffered such other severe and serious injuries and damages as will be revealed through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants named herein, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages

including, but not limited to, temporary loss of employment and medical expenses; costs of suit; reasonable  attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants named herein; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT XV:

PLAINTIFF v. DEFENDANT MARICOPA COUNTY

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FIRST, FOURTH, FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

MUNICIPAL LIABILITY

194.  Plaintiff incorporates by reference Paragraphs 1 through 193 as though fully set forth at length herein.

195.  Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendant Maricopa County for violations of Plaintiff's constitutional rights under color of law.

73

196. Defendants Sponsel and Michaud purported to act as decision-makers for Defendant Maricopa County in their capacities as MCAO prosecutors for Maricopa County.

197. Defendants Sponsel, Michaud and Penzone, as officials with decision-making authority, directly participated in and ratified the deprivation of Plaintiff's constitutional rights, as more fully described hereinbefore above.

198. Defendant Maricopa County, by and through the above-named officials, acted in reckless disregard for Plaintiff's constitutional rights and deprived the Plaintiff of her constitutionally protected right to be free from retaliation based on complaints of wrongdoing and/or filing a lawsuit.

199. By reason of the aforesaid conduct, the Plaintiff's civil rights as guaranteed by 42 U.S.C. §1983 and under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States were violated by Defendant Maricopa County.

200. The actions of the Defendants named herein, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendants named herein to punitive damages.

74

201. As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by Defendants named herein, Plaintiff suffered the following injuries and damages:

a.  Plaintiff's rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution were violated;

b.  Plaintiff suffered physical pain and suffering;

c.  Plaintiff suffered fright, horror and shock;

d.  Plaintiff suffered severe emotional and psychological trauma;

e.  Plaintiff suffered economic damages related to the temporary loss of her employment, medical and/or other consequential costs.

f.  Plaintiff suffered such other severe and serious injuries and damages as will be revealed through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant Maricopa County in the amount proven at trial; compensatory special damages; punitive damages: costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT XVI:

PLAINTIFF v. DEFENDANT CITY OF PHOENIX

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FIRST, FOURTH, FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

<u>MUNICIPAL LIABILITY</u>

202. Plaintiff incorporates by reference Paragraphs 1 through 201 as though fully set forth at length herein.

203. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendant City of Phoenix for violations of Plaintiff's constitutional rights under color of law.

204. Defendants Williams, McBride, Raymond, Groat, Moore, Merl, and Munzinger purported to act as decision-makers for Defendant City of Phoenix in their various capacities as law enforcement officers for the City of Phoenix

205. Defendants Williams, McBride, Raymond, Groat, Moore, Merl, and Munzinger, as officials with decision-making authority, directly participated in and ratified the deprivation of Plaintiff's constitutional rights, as more fully described hereinbefore above.

206. Defendant City of Phoenix, by and through the above-named officials, acted in reckless disregard for Plaintiff's constitutional rights

76

and deprived the Plaintiff of her constitutionally protected right to be free from malicious prosecution, false arrest, false imprisonment, fabrication of evidence, cruel and unusual punishment and her right to the equal protection of the law. The actions of the Defendants named herein, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendants named herein to punitive damages.

207.  By reason of the aforesaid conduct, the Plaintiff's civil rights as guaranteed by 42 U.S.C. §1983 and under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States were violated by Defendant City of Phoenix.

208.  As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by Defendant City of Phoenix, by and through the conduct of the Defendants named herein, Plaintiff suffered the following injuries and damages:

       a.    Plaintiff's rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution were violated;

       b.    Plaintiff suffered physical pain and suffering;

       c.    Plaintiff suffered fright, horror and shock;

d.   Plaintiff suffered severe emotional and psychological trauma;

e.   Plaintiff suffered economic damages related to the temporary loss of her employment, medical and/or other consequential costs.

f.   Plaintiff suffered such other severe and serious injuries and damages as will be revealed through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant City of Phoenix in the amount proven at trial; compensatory special damages; punitive damages: costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper. Plaintiff incorporates by reference Paragraphs 1 through 188 as though fully set forth at length herein.

209.   Pursuant to Arizona Common Law, Plaintiff had the right to be free from intentional outrageous conduct that is the cause of severe emotional distress.

210.   The willful misconduct of Defendants, and each of them, described more fully hereinbefore above, was extreme and outrageous

conduct, and as a direct and proximate result of said conduct the Plaintiff suffered severe emotional distress and physical injury.

211.  As a direct and proximate result of the individual Defendants' intentional conduct, Plaintiff suffered and will continue to suffer, for an indefinite period into the future, great pain, suffering, inconvenience, mental anguish, emotional distress and physical injury.

212.  The actions of the Defendants, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiffs, thereby subjecting Defendants to punitive damages.

213.  As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by the Defendants, and each of them, Plaintiff suffered the following injuries and damages:

      a.    violation of her constitutional rights as well as her rights under Arizona Common Law;

      b.    physical pain and suffering;

      c.    fright, horror and shock;

      d.    emotional trauma and suffering; and

      e.    economic damages related to the temporary loss of his employment, medical and/or other consequential costs.

      f.    Such other severe and serious injuries and damages as will be revealed through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages including, but not limited to, temporary loss of employment and medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT XVIII:

PLAINTIFF v. DEFENDANTS WILLIAMS, SPONSEL, MICHAUD, MCBRIDE, RAYMOND, GROAT, MOORE, MERL, MUNZINGER, MARICOPA COUNTYAND CITY OF PHOENIX

VIOLATION OF PLAINTIFF'S
ARIZONA COMMON LAW RIGHTS

CIVIL CONSPIRACY

214.  Plaintiff incorporates by reference Paragraphs 1 through 214 as though fully set forth at length herein.

215.  As set forth hereinbefore above, all charges brought against the Plaintiff in this matter were dismissed in favor of the Plaintiff.

216.  As set forth hereinbefore above, the Defendants named herein entered into a durable agreement to violate Plaintiff's various constitutional and common law rights.

217.  The actions of the Defendants named herein, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendants named herein to punitive damages.

218.  As a direct and proximate result of this conspiracy, the Plaintiff was injured and damaged as follows:

     a.   Plaintiff suffered a violation of her constitutional rights as well as her rights under Arizona Common Law;

     b.   Plaintiff suffered physical pain and suffering;

     c.   Plaintiff suffered fright, horror and shock;

     d.   Plaintiff suffered emotional trauma and suffering; and

     e.   Plaintiff suffered economic damages related to the temporary loss of her employment, medical and/or other consequential costs.

     f.   Plaintiff suffered such other severe and serious injuries and damages as will be revealed through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants named herein, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages

81

including, but not limited to, temporary loss of employment and medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the Defendants named herein; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT XIX:

PLAINTIFF v. DEFENDANTS PENZONE, JOHN AND JANE
DOE ONE AND MARICOPA COUNTY

VIOLATION OF PLAINTIFF'S
ARIZONA COMMON LAW RIGHTS

CIVIL CONSPIRACY

219.  Plaintiff incorporates by reference Paragraphs 1 through 218 as though fully set forth at length herein.

220.  As set forth hereinbefore above, Plaintiff suffered cruel and unusual punishment during the period of her incarceration in this matter.

221.  As set forth hereinbefore above, the Defendants named herein entered into a durable agreement to violate Plaintiff's constitutional and common law rights.

222.   The actions of the Defendants named herein, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendants named herein to punitive damages.

223.   As a direct and proximate result of this conspiracy, the Plaintiff was injured and damaged as follows:

a.   Plaintiff suffered a violation of her constitutional rights as well as her rights under Arizona Common Law;

b.   Plaintiff suffered physical pain and suffering;

c.   Plaintiff suffered fright, horror and shock;

d.    Plaintiff suffered emotional trauma and suffering; and

e.   Plaintiff suffered economic damages related to the temporary loss of her employment, medical and/or other consequential costs.

f.   Plaintiff suffered such other severe and serious injuries and damages as will be revealed through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against  the Defendants named herein, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages including, but not limited to, temporary loss of employment and medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive

damages against the Defendants named herein; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT XIX:

PLAINTIFF v. DEFENDANTS WILLIAMS, SPONSEL, MICHAUD, MCBRIDE, RAYMOND, GROAT, MOORE, MERL, MUNZINGER, MARICOPA COUNTYAND CITY OF PHOENIX

VIOLATION OF PLAINTIFF'S<br>ARIZONA COMMON LAW RIGHTS

FALSE LIGHT

224.  Plaintiffs incorporate by reference Paragraphs 1 through 223 as though fully set forth at length herein.

225. During the incidents at issue in this matter, the various of the named Defendants, acting in conspiracy with all of the named Defendants, made false and misleading public statements against the Plaintiff; to wit, that she had committed numerous felony crimes.

226. The statements of these Defendants created a false impression about the Plaintiff; to wit, that she had committed numerous felonies.

227.   impression created about the Plaintiff would be highly offensive to a reasonable person.

228. The false and misleading statements described hereinbefore above caused Plaintiff to be damaged and negatively impacted her community standing, reputation, emotional well-being and mental health.

229. At the time the false statements were made, the named Defendants either knew that the statements would create a false impression of the Plaintiff or acted in reckless disregard of the fact that their statements would create a false impression of the Plaintiff, subjecting the named Defendants to punitive damages.

230.   As described hereinbefore above, the named Defendants were acting in the course and scope of their employment at the time that said statements were made, thereby making Maricopa County and the City of Phoenix vicariously liable to the Plaintiff for the damages that she suffered under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands compensatory general damages against  the Defendants named herein, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages including, but not limited to, temporary loss of employment and medical

expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the Defendants named herein; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT XX:

PLAINTIFF v. DEFENDANTS WILLIAMS, SPONSEL, MICHAUD, MCBRIDE, RAYMOND, GROAT, MOORE, MERL, MUNZINGER, MARICOPA COUNTYAND CITY OF PHOENIX

VIOLATION OF PLAINTIFF'S<br>ARIZONA COMMON LAW RIGHTS

DEFAMATION

231.  Plaintiff incorporates by reference Paragraphs 1 through 230 as though fully set forth at length herein.

232.  During the incidents at issue in this matter, the various of the named Defendants, acting in conspiracy with all of the named Defendants, made defamatory public statements against the Plaintiff; to wit, that she had committed numerous felony crimes.

233.  The statements of these Defendants were false at the time that the named Defendants made them.

86

234. The named Defendants knew that the aforementioned statements were false and misleading at the time that they made them.

235. The false and misleading statements described hereinbefore above were published on various publicly available police reports and were publicly reported by numerous media outlets.

236. These statements caused the Plaintiff to be damaged, and negatively impacted the Plaintiff's community standing, reputation, emotional well-being, mental health and financial stability.

237. At the time the false statements were made, the named Defendants either knew that the statements were false or acted in reckless disregard of the fact that their statements were false, subjecting the named Defendants to punitive damages.

238. As described hereinbefore above, the named Defendants were acting in the course and scope of their employment at the time that said statements were made, thereby making Maricopa County and the City of Phoenix vicariously liable to the Plaintiff for the damages that she suffered under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants named herein, and each of them, jointly and

severally, in the amount proven at trial; compensatory special damages including, but not limited to, temporary loss of employment and medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the Defendants named herein; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

GENERAL PRAYER FOR RELIEF

WHEREFORE, Plaintiff Suvarna Ratnam prays for judgment against Defendants as follows:

A.     A trial by jury on each of Plaintiff's claims;

B.     For general and compensatory damages as to all defendants, jointly and severally, including but not limited to pain and suffering, loss of enjoyment of life, and economic loss, in amounts to be determined at trial;

C.     Punitive damages as to all individual defendants, jointly and severally, in an amount to be determined at trial in order to deter such conduct in the future;

D.    For taxable costs and pre-judgment and post-judgment interest and recovery of costs, including reasonable attorneys' fees pursuant to 42 U.S.C. §1988 for all 42 U.S.C. Section 1983 and Section 1985 claims;    and

E.    Such other relief as may appear just and appropriate.

DATED this 15th day of October, 2021.

**DANIEL R. RAYNAK, P.C.**

By:    _____

Daniel R. Raynak
*Attorney for Plaintiff*

89